IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

NO. 7:12-CV-257-FL

| | |
|---|---|
| CARLOS A. ALFORD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **MEMORANDUM &** |
| ) | **RECOMMENDATION** |
| ) | |
| VERIZON WIRELESS, INC., *et al*., ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

Plaintiff has filed an application to proceed *in forma pauperis*, and has demonstrated appropriate evidence of inability to pay the required court costs. However, the Court must also conduct a review pursuant to 28 U.S.C. § 1915(e)(2) which requires the Court to dismiss all or any part of an action found to be frivolous or malicious, which fails to state a claim upon which relief can be granted, or which seeks money damages from a defendant immune from such recovery. *See* Cochran v. Morris, 73 F.3d 1310, 1315-16 (4th Cir. 1996)(discussing *sua sponte* dismissal under predecessor statute 28 U.S.C. § 1915(d)). A case is frivolous if it lacks an arguable basis in either law or fact. *See* Neitzke v. Williams, 490 U.S. 319, 325 (1989).

Plaintiff is a customer of Defendant Verizon Wireless, Inc. (DE-7, pg. 1). In his Complaint, Plaintiff asserts that he was "informed by [a] customer representative over the phone that he needed to cut down on his data usage." *Id.* On September 1, 2012, Plaintiff "was directed to talk with [Defendant] Regina Doe." *Id.* at 2. Apparently, Plaintiff was trying to obtain "free of charage . . . a new Simm Card for . . . [a] mobile

hotspot." *Id.* Ultimately, Defendant Regina Doe informed Plaintiff that "she had destroyed his Simm Card . . . [and that Plaintiff] could not receive another one." *Id.* As Plaintiff was leaving, he overheard Defendant Regina Doe state that he was "just another dumb nigger." *Id.* According to Plaintiff, Defendant Regina Doe and Defendant Shirley Doe "started talking about how niggers would always come into their store wanting free accessories." *Id.* Eventually, Plaintiff left and obtained a "Simm Card" elsewhere for $25.00.

In the instant action, Plaintiff attempts to state a claim pursuant to 42 U.S.C. § 1983, claiming that he has been the subject of a "hate crime." He seeks to be reimbursed $26.75 for the "Sim Card" the he claims should have been provided free of charge. (DE-1-4). He also seeks $300,000 in damages because he "can't sleep, eat, has nightmares, suffers from depression, and panic attacks." (DE-7, pg. 4). He also claims, without elaboration or explanation, that he "is a prisoner in his own home." *Id.*

To state a claim for damages under 42 U.S.C. § 1983, an aggrieved party must allege: (1) that he or she was injured; (2) by the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States; (3) by a person acting under color of state law. *See* 42 U.S.C. § 1983. The under-color-of-state-law element, which is equivalent to the "state action" requirement under the Fourteenth Amendment:

> reflects judicial recognition of the fact that most rights secured by the Constitution are protected only against infringement by governments. This fundamental limitation on the scope of constitutional guarantees preserves an area of individual freedom by limiting the reach of federal law and avoids imposing on the State, its agencies or officials, responsibility for conduct for which they cannot fairly be blamed.
>
> Mentavlos v. Anderson, 249 F.3d 301, 310 (4th Cir. 2001)(*quoting* Dowe v. Total Action Against Poverty in Roanoke Valley, 145 F.3d 653, 658 (4th Cir. 1998)) (internal citations and quotation marks

omitted).

Nevertheless, "the deed of an ostensibly private organization or individual" may at times be treated "as if a State has caused it to be performed." Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n, 531 U.S. 288, 295 (2001). Specifically, "state action may be found if, though only if, there is such a 'close nexus between the State and the challenged action' that seemingly private behavior 'may be fairly treated as that of the State itself.'" *Id*. (*quoting* Jackson v. Metro. Edison Co., 419 U.S. 345, 351 (1974)).

Here, Plaintiff not identified how he has been deprived of any rights, privileges, or immunities secured by the Constitution and laws of the United States. Likewise, Plaintiff has not properly alleged that any named Defendant has acted under color of state law. Nor has he described any close nexus between the State and the challenged action.

For these reasons, it is RECOMMENDED that Plaintiff's Complaint (DE-7) be DISMISSED as frivolous.

SO RECOMMENDED in Chambers at Raleigh, North Carolina on Tuesday, September 11, 2012.

_____
WILLIAM A. WEBB
UNITED STATES MAGISTRATE JUDGE